UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| PROGRESS RESIDENTIAL BORROWER 19, LLC<br>*versus*<br>EVERLENA RASHEEDA BRUMMAGE, DYLIYAH SHUPIER WHITE, and ALL OTHER OCCUPANTS | Civil Action Number<br>1:26-cv-6748-SDG-LRS |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on pro se Defendant Everlena Rahseeda Brummage's application for leave to proceed *in forma pauperis* (IFP) on a notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering the application, the Court **GRANTS** the request to proceed IFP under 28 USC § 1915(a) for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, the undersigned **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Cobb County.

**Discussion**

Brummage seeks to remove a dispossessory action brought by Plaintiff Progress Residential Borrower 19, LLC in the Magistrate Court of Cobb

County. [Doc. 1-2.] In doing so, Brummage does not cite a specific statute as the basis for this Court's jurisdiction and instead alleges that Progress Residential violated federal law, federal rules, and the Fourteenth Amendment of the Constitution by bringing the dispossessory action to evict her. [Doc. 1-1 at 1-2.] But for the reasons explained below, these allegations cannot establish federal court jurisdiction over this case.

**A. There is no federal question jurisdiction under 28 USC § 1331.**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 USC § 1331. A defendant that is sued in state court may remove a civil action to a federal district court on the basis of this "federal question" jurisdiction. 28 USC § 1441(a). For purposes of removal, the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). Under that rule, "unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." *Id.*

In the underlying dispossessory action, Progress Residential alleged that Brummage failed to pay rent and demanded possession of the premises, accruing rent, and other fees. [Doc. 1-2 at 2.] There is no indication that the complaint filed in the Magistrate Court is based on anything other than a state-law claim for possession of the property and payment of accruing rent, as well as associated fees. The complaint

therefore does not present a federal question. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law").

In the notice of removal, Brummage alleges that Progress Residential violated the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq.* (FDCPA), and the Fourteenth Amendment to the U.S. Constitution. [Doc. 1-1 at 1-2.] But Brummage cannot establish federal question jurisdiction over this removed action by alleging counterclaims that Progress Residential violated federal law. "[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). And to the extent that Brummage relies on the FDCPA and the Fourteenth Amendment as defenses to the underlying dispossessory complaint, the assertion of such defenses is inadequate to confer jurisdiction over this matter to this federal court. *See Merrell Dow Pharm. v. Thompson,* 478 U.S. 804, 808 (1986) (citation omitted) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Brummage also alleges that Progress Residential violated Federal Rule of Civil Procedure 60 and its purported "legal duty to abort eviction" under OCGA § 51-1-6. [Doc. 1-1 at 1.] Neither of these allegations, however, provides a basis for federal question jurisdiction. Rule 60 is a procedural rule and thus does not provide a substantive right or cause of action for a lawsuit. And OCGA § 51-1-6 is a state—not federal—statute. Accordingly,

Brummage cannot rely on Rule 60 or OCGA § 51-1-6 as providing a basis for removal to federal court of this dispossessory action. *See Colonial Props. Trust v. Hall*, No. 1:12-cv-03006-AT-AJB, 2012 WL 13130014, at *4 (N.D. Ga. Oct. 29, 2012) (finding that Rule 60 and OCGA § 51-1-6 provided no basis for removal on federal-question grounds in a dispossessory action), *report and recommendation adopted*, No. 1:12-cv-3006-AT, 2013 WL 12380768 (N.D. Ga. Jan. 7, 2013).

In conclusion, the Court finds that removal of this state court dispossessory action based on federal question jurisdiction under 28 USC § 1331 is improper because (1) the dispossessory complaint filed in state court does not present a federal question, (2) Brummage cannot establish federal question jurisdiction over this removed action by alleging counterclaims or defenses under the Fair Debt Collection Practices Act and the Fourteenth Amendment, and (3) Brummage cannot rely on Federal Rule of Civil Procedure 60 or OCGA § 51-1-6 as providing a basis for removal of this dispossessory action.

**B. There is no diversity jurisdiction under 28 USC § 1332.**

Although Brummage does not allege diversity jurisdiction under 28 USC § 1332(a) as a basis for the removal, the Court, in an abundance of caution, examines whether diversity jurisdiction is proper here. Diversity jurisdiction under 28 USC § 1332 exists only when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 USC § 1332(a). Both elements must be satisfied for jurisdiction to be proper.

Brummage says that she is a Georgia citizen [Doc. 1-3] and therefore, she cannot remove the dispossessory case—filed in state court in Georgia—to federal court. *See* 28 USC § 1441(b)(2). Further, there is no indication that the dispossessory claim against Brummage can be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a). *See* 28 USC § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (finding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Accordingly, there is no diversity jurisdiction under 28 USC § 1332.

## Conclusion

The Court **GRANTS** Brummage's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Having reviewed the notice of removal and the underlying dispossessory complaint filed in Cobb County Magistrate Court, the undersigned finds that this Court lacks subject matter jurisdiction over the removal action. It is therefore **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Cobb County.

**SO ORDERED AND RECOMMENDED**, November 12, 2026.

Lawrence R. Sommerfeld

LAWRENCE R. SOMMERFELD
UNITED STATES MAGISTRATE JUDGE